UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
(ORLANDO DIVISION)

ACTION NISSAN, INC. d/b/a UNIVERSAL HYUNDAI and WILLIAM NERO,

Plaintiffs,

v.

HYUNDAI MOTOR AMERICA and GENESIS MOTOR AMERICA,

Defendants.

Case No. 6:18-cv-380-Orl-78EJK

**PLAINTIFFS' FIRST MOTION TO AMEND AND/OR EXTEND EXPERT DEADLINE SET FORTH IN CASE MANAGEMENT AND SCHEDULING ORDER, AND INCORPORATED MEMORANDUM OF LAW**

Pursuant to Local Rule of the Middle District of Florida 3.01(g) and 3.09 and Fed. R. Civ. P. 6(b)(1) and 16(b)(4), Plaintiffs Action Nissan, Inc. d/b/a Universal Hyundai and William Nero ("Plaintiffs" or "Universal") move the Court for an Order amending and/or extending the deadline for disclosure of expert reports within the Court's July 11, 2018 Case Management and Scheduling Order ("Scheduling Order"). DE # 50. Good cause and exceptional circumstances justify such amendment in light of the Court's August 2, 2019 Order granting in part Plaintiffs' Motion to Amend Complaint. DE # 82. Further, this motion, if granted, poses no prejudice to any party. Today, counsel for Defendant Hyundai Motor America ("HMA") and Genesis Motor America LLC ("GMA") (together "Defendants"') filed a Joint Motion for Extension of the Discovery Deadline and to Continue Trial, by which the parties consent to extend fact discovery by four months through February 3, 2020. DE # 88. On this motion, however, Defendants would not agree. In support hereof Plaintiffs state as follows:

**Applicable Procedural and Discovery History**

1. On March 12, 2018, Plaintiffs filed a Verified Complaint against Defendants ("Complaint"), which set forth four claims for breach of contract, anticipatory breach of contract, breach of the implied covenant of good faith and fair dealing and declaratory judgment. DE #1.

2. On June 18, 2018, GMA filed a Motion to Dismiss for Failure to State a Claim and HMA filed its Answer to the Complaint. DE # 44, 45.

3. On July 11, 2018, the Court entered the Scheduling Order, which set forth the initial scheduling deadlines and includes a current discovery deadline of October 2, 2019. DE # 50.

4. The parties fully brief GMA's Motion to Dismiss by July 18, 2018. DE # 53.

5. During this time, Universal and HMA undertook written discovery, including document production and depositions. GMA objected and responded to written discovery, but repudiated participating in depositions or producing documents while its Motion to Dismiss remained pending. See, e.g., Feb. 14, 2019 Ellie Kennedy, Esq. Letter attached as Exhibit A.

6. On February 19, 2019, the Court held a hearing on the Motion to Dismiss and, the following day, entered an Endorsed Order granting GMA's Motion to Dismiss all claims against it and terminating GMA as a defendant ("Feb. 20 Order"). DE # 62, 63.

7. On March 1, 2019, Plaintiffs promptly filed a Motion to Amend the Complaint and for Reconsideration of the Feb. 20 Order ("Motion to Amend"). DE # 66.

8. The proposed Amended Complaint sought to bring GMA back into this matter as a defendant. It also sought to add multiple counts including successor liability, violations of Florida Statute §§ 320.60 to -.70 and violations of the Federal Dealer's Day in Court Act, 15 U.S.C. §§ 1221-1226. The proposed amendments also assert critical factual allegations that underlie

Plaintiffs' existing and amended claims and describe entity succession claims applicable to GMA. DE # 66.

9. The parties fully briefed the Motion to Amend by April 2, 2019. DE # 76.

10. Universal and HMA then proceeded with discovery, but HMA forbade GMA discovery. HMA objected to discovery from GMA because GMA had been dismissed from the case and the Motion to Amend was pending. See, e.g., GMA's Objection to Deposition Notice attached as Exhibit B; excerpt from Transcript of Wilfredo Hernandez attached hereto as Exhibit C, at 12-13.

11. On August 2, 2019, the Court granted in part Plaintiffs' Motion to Amend. DE # 82.

12. The current CMO contained a date for the disclosure of Plaintiffs' expert reports on the very same day. DE # 50.

13. Per the Court's order, on August 9, 2019, Plaintiffs filed the Amended Complaint, which not only added GMA as a defendant, but incorporated three new counts of successor liability, statutory violation of Florida's Motor Vehicle Dealer Act, Florida Statute §§ 320.60 to -.70, and violation of the Federal Dealer's Day in Court Act, 15 U.S.C. §§ 1221-1226. DE # 50.

14. The Amended Complaint also incorporates multiple new factual allegations, and supplements others, all of which underlie the newly amended causes of action and claims against GMA. See, e.g., DE # 50 ¶¶4, 20, 60, 64, 76 to 84; Exhibits P - T.

15. On August 21, 2019, Plaintiffs served Defendants with written discovery requests, deficiency demands pertaining to prior requests and notices of deposition. All of these pertain to the Amended Complaint and Defendants have a September 20, 2019 deadline to respond to written discovery.

16. GMA and HMA answered the Amended Complaint on August 23, 2019, generally denying the allegations therein and asserting various affirmative defenses including ones not previously asserted by HMA. DE #85, 86.

17. On August 21, 2019, Plaintiffs served Defendants with additional written discovery requests and deficiency demands relating to the Amended Complaint and Defendants' respective answers thereto. They have a September 30, 2019 deadline to respond those discovery requests.

18. On September 19, 2019, the parties made their first joint request for an Order amending and/or extending the discovery deadline set forth in the Court's July 11, 2018 Case Management and Scheduling Order ("Consented-to Motion"). DE # 88.

19. The current CMO contains an October 2, 2019 discovery deadline. In the Consented-to Motion, the parties jointly seek to extend that deadline to February 3, 2020, as detailed therein. Id.

20. As part of the Consented-to Motion, Universal sought Defendants' agreement to extend the deadline for expert disclosures and expert discovery for the reasons detailed below. However, Defendants would not consent and the parties could not resolve this disagreement.

**Legal Argument**

21. This Court has broad discretion to manage discovery, pretrial procedures, and related deadlines. See People Gas Sys. v. Posen Constr., Inc., 2012 U.S. Dist. LEXIS 158511 at *1 (M.D. Fl. Nov. 5, 2012) (*citing* Johnson v. Board of Regents of the University of Georgia, 263 F.3d 1234, 1269 (11th Cir. 2001) and Chrysler Int'l Corp. v. Chemaly, 280 F.3d 1358, 1360 (11th Cir. 2002)). See Chudasama v. Mazda Motor Co., 123 F.3d 1353, 1366 (11th Cir. 1997) ("[D]istrict courts enjoy broad discretion in deciding how best to manage the cases before them."). In addition,

the Court, in accordance with Fed. R. Civ. P. 16(b)(4), in its discretion, may modify a Scheduling Order "for good cause."

22. In this case, good cause exists to modify the Scheduling Order to extend discovery pertaining to expert disclosures. Such extension would prevent the occurrence of a manifest injustice, while causing no conceivable prejudice. Expert discovery should commence with the end of fact discovery. "The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result." Abruscato v. Geico Gen. Inc. Co., 2014 U.S. Dist. LEXIS 192488 at *7 (M.D. Fl. May 30, 2014) (quoting Gonzalez v. ETourandTravel, Inc., 2014 U.S. Dist. LEXIS 40180, 2014 WL 1250034, at *2 (M.D. Fla. Mar. 26, 2014)).

23. On Friday, August 2, 2019 – the very same day of the current deadline for disclosure of expert reports - the Court granted Universal's Motion to Amend, adding GMA as a new party and permitting for the first time new causes of action that involve damages different than what existed pre-amendment. Universal has not yet had an opportunity to take fact discovery from GMA or discovery from HMA concerning the new claims. As indicated in the Consented-to Motion, all the parties now seek to complete full fact discovery. Universal should not be precluded from making a determination as to the need for an expert when the very facts and data any such expert would rely upon necessarily comes from fact discovery yet to be taken. Universal should have the ability to retain an expert to address those damages and claims that did not even exist under the prior lawsuit, and which concern facts that have not yet been brought to light through discovery.

24. Modifying the deadline for expert disclosure causes no prejudice to Defendants. Rather, denial of the deadline could cause extraordinary prejudice to Plaintiffs. "[D]enying the motion to extend the deadline or granting the motion to strike [an expert] would effectively preclude Plaintiff from presenting witnesses at trial on important issues, including damages, and 'witness preclusion is a harsh sanction that should be imposed sparingly[.]'" AFI Holdings of Ill., LLC v. Waterman Broad., 2018 U.S. Dist. LEXIS at 176381* 15 (M.D. Fl. Oct. 15, 2018) (quoting St. Cyr v. Flying J Inc., 2007 U.S. Dist. LEXIS 74944, 2007 WL 2936243, at *4 (M.D. Fla. Oct. 9, 2007)). See Brooks v. United States, 837 F.2d 958, 961 (11th Cir. 1988) (holding court abused discretion in refusing to admit expert testimony because that sanction was drastic). Compare Royale Green Condo Ass'n v. Aspen Specialty Ins. Co., 2009 U.S. Dist. LEXIS 137314 at *4 (S.D. Fl. Jun. 19. 2009).

25. Plaintiffs have in no way been dilatory or untimely. At every step, they have acted with dispatch and conscientiousness as they do here in the instant motion. The opportunity for retention of an expert (or experts) should not be foreclosed.

26. This case now has a new defendant, new claims and remedies that were previously unavailable to Plaintiffs without GMA as a defendant. Defendants filed the Consented-to Motion recognizing that the parties should not be time barred from discovery that is vital to the Amended Complaint and Defendants' alleged defenses thereto. The parties jointly agreed to a four month extension of that deadline to February 3, 2020. By this motion, Plaintiffs simply seek the ability to identify an expert and present expert testimony based in part upon the very facts to be developed in the coming months. Accordingly, Plaintiffs request a deadline of March 4, 2020 for their expert disclosure, April 3, 2020 for opposing expert disclosure and May 1, 2020 for completion of expert depositions, or other dates to be set by the Court.

**Certificate of Compliance with Local Rule 3.01(g)**

On August 26, September 5 and September 10, 2019, the undersigned counsel conferred with counsel for Defendants in a good faith effort to resolve by agreement the issues raised herein and request their consent, but the parties did not reach a resolution as to the relief requested herein.

**Local Rule 3.09(d) Certificate**

Pursuant to Local Rule 3.09(d), undersigned counsel certify that Plaintiffs have been informed of this motion, and have consented to its filing.

**Conclusion**

For the above reasons, Plaintiffs respectfully request that the Court enter an Order granting this Motion and amending and/or extending the deadline for disclosure of expert reports set forth in the Court's July 11, 2018 Case Management and Scheduling Order to reflect deadlines of March 4, 2020 for disclosure of Plaintiffs' expert reports, April 3, 2020 for disclosure of Defendants' expert reports, and May 1, 2020 for completion of expert depositions, or other dates to be set by the Court.

DATED: September 19, 2019

*/s/ Eric L. Chase*
Eric L. Chase, Esq. (*admitted pro hac vice)*
Gerd W. Stabbert, Jr. (*admitted pro hac vice)*
BRESSLER, AMERY & ROSS, P.C.
325 Columbia Turnpike
Florham Park, NJ 07932
Phone: (973) 514-1200
Fax: (973) 514-1660
*echase@bressler.com*

*- and -*

Jonathan Schwartz, Esq.
BRESSLER, AMERY & ROSS, P.C.
200 E. Las Olas Blvd. (Suite 1500)

Fort Lauderdale, FL 33301
Phone: 954.499.7979
Fax: 954.499.7969
*jschwartz@bressler.com*

*- and –*

Frank H. Killgore, Jr.
Killgore, Pearlman, Semanie,
Denius & Squires, P.A.
2 South Orange Avenue, 5th Floor
Orlando, Florida 32801
Phone: 407/425-1020
Fax: 407/839-3635
*fhkillgore@kpsds.com*

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, the foregoing document was electronically mailed and/or filed using the CM/ECF system to all counsel of record.

DATED: September 19, 2019

*/s/ Gerd W. Stabbert, Jr.*
Gerd W. Stabbert, Jr. (*admitted pro hac vice)*
BRESSLER, AMERY & ROSS, P.C.
325 Columbia Turnpike
Florham Park, NJ 07932
Phone: (973) 514-1200
Fax: (973) 514-1660
*echase@bressler.com*

# EXHIBIT A

Hogan Lovells

Hogan Lovells US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, DC 20004
T +1 202 637 5600
F +1 202 637 5910
www.hoganlovells.com

February 14, 2019

**By Electronic Mail**

Gerd W. Stabbert, Jr., Esq.
Bressler, Amery & Ross, P.C.
P.O. Box 1980
Morristown, NJ 07962

**Re: Action Nissan, Inc. d/b/a Universal Hyundai v. Hyundai Motor America, <u>Case No. 6:18-CV-00380-CEM-TBS (M.D. Fla.)</u>**

Dear Mr. Stabbert:

I am writing in response to your letters dated February 11 and 13, 2019, regarding certain discovery issues in this matter. The following addresses each of the issues you raised that warrant a response.

First, I can confirm that Mr. Bertron is available for a deposition on May 7, 2019, and that his office in Tallahassee is willing the host the deposition. The address is 215 South Monroe Street, Suite 400, Tallahassee, Florida 32301.

Second, Mr. Zuchowski has requested proposed dates for a deposition in Jacksonville, Florida. We propose the following dates for his deposition: May 14, 15, 16, 21, 22. Please let us know which of these days will work for you, and we will confirm which is best for Mr. Zuchowski. We will advise as to Mr. Bloech's availability when we have it.

Third, we will be making two additional productions of documents over the next two weeks, one of which is expected to be available by the end of this week. These productions will include Mr. Hernandez's correspondence with your clients' former counsel regarding the 2009 Agreement and correspondence with the Florida DSHMV concerning the distribution of Genesis vehicles in the State of Florida. Once those productions are complete, we will provide a privilege log.

Fourth, as you know, the question of whether GMA is a proper party to this litigation is the subject of GMA's motion to dismiss, which remains pending. If that motion is denied, we will consider revisiting GMA's objections to Document Request Nos. 2-4, to which we assume you are referring in your February 11, 2019 letter. Until then, however, GMA stands on its objections to those Requests.

Hogan Lovells US LLP is a limited liability partnership registered in the District of Columbia. "Hogan Lovells" is an international legal practice that includes Hogan Lovells US LLP and Hogan Lovells International LLP, with offices in: Alicante Amsterdam Baltimore Beijing Birmingham Boston Brussels Colorado Springs Denver Dubai Dusseldorf Frankfurt Hamburg Hanoi Ho Chi Minh City Hong Kong Houston Johannesburg London Los Angeles Luxembourg Madrid Mexico City Miami Milan Minneapolis Monterrey Moscow Munich New York Northern Virginia Paris Perth Philadelphia Rio de Janeiro Rome San Francisco São Paulo Shanghai Silicon Valley Singapore Sydney Tokyo Warsaw Washington DC Associated offices: Budapest Jakarta Shanghai FTZ Ulaanbaatar Zagreb. Business Service Centers: Johannesburg Louisville. For more information see www.hoganlovells.com

Finally, you insisted on scheduling the depositions on March 6 and 7 with full knowledge of the position that GMA was taking with respect to Document Request Nos. 2-4, even though a full seven months of the discovery period remain. Under these circumstances, neither HMA nor GMA will entertain a request to re-produce the witnesses scheduled for March 6 and 7, if and to the extent documents are subsequently produced in response to these Requests.

Sincerely yours,

Ellen S. Kennedy

Ellen S. Kennedy

Partner
Ellen.kennedy@hoganlovells.com
D (202) 637-6591

cc: Eric L. Chase, Esq.
Carl J. Chiappa, Esq.
Ryan M. Ford, Esq.
J. Andrew Bertron, Esq.

# EXHIBIT B

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| ACTION NISSAN, INC. d/b/a UNIVERSAL HYUNDAI and WILLIAM NERO,<br><br>Plaintiffs,<br><br>v.<br><br>HYUNDAI MOTOR AMERICA,<br><br>Defendant. | 6:18-cv-00380-CEM-TBS |

**GENESIS MOTOR AMERICA LLC'S OBJECTION TO DEPOSITION NOTICE ISSUED PURSUANT TO FED. R. CIV. P. 30(B)(6)**

In light of the dismissal of Genesis Motor America, L.L.C. ("GMA") as a defendant in this Action, the deposition notice issued pursuant to Fed. R. Civ. P. 30(b)(6) is void and ineffective. Consequently, GMA objects to the Deposition Notice issued pursuant to Fed. R. Civ. P. 30(b)(6) and will not be producing any witness to testify on its behalf with respect thereto.

Dated: February 22, 2019

Respectfully submitted,

/s/

Ellen S. Kennedy (admitted *pro hac vice*)
Ryan L. Ford (admitted *pro hac vice*)
HOGAN LOVELLS US LLP
555 Thirteenth St. NW
Washington, D.C. 20004
Tel.:(202) 637-5600
ellen.kennedy@hoganlovells.com
ryan.ford@hoganlovells.com

Carl J. Chiappa (admitted *pro hac vice*)
HOGAN LOVELLS US LLP

875 Third Avenue
New York, NY 10022
Tel.: (212) 918 3000
carl.chiappa@hoganlovells.com

James Andrew Bertron, Jr.
Florida Bar No. 0982849
NELSON MULLINS BROAD & CASSEL
215 South Monroe Street, Suite 400
Tallahassee, FL 32301
Tel.: (850) 907-2507
andy.bertron@nelsonmullins.com

*Counsel for Genesis Motor America LLC*

# EXHIBIT C

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

----------------------------------X

ACTION NISSAN, INC., d/b/a

UNIVERSAL HYUNDAI and WILLIAM

NERO,

Plaintiffs,

VS.

HYUNDAI MOTOR AMERICA,

Defendants.

----------------------------------X

DEPOSITION OF WILFREDO HERNANDEZ, ESQ.

WEDNESDAY, MARCH 6, 2019

9:33 A.M.

MARIANNE D'AMICO CANDILOROS, CCR, CRR, CLR

D'AMICO CERTIFIED REPORTING, LLC

908.546.7650 * 908.546.7651 (Fax)

Damico.reporting@verizon.net

DAMICOREPORTING.COM

Deposition of WILFREDO HERNANDEZ, held at the Offices of HOGAN LOVELLS US LLP,875 Third Avenue, New York, New York, 10022, pursuant to 30(b)(6) Notice of Deposition, before MARIANNE D'AMICO CANDILOROS, a Certified Court Reporter, a Certified Realtime Reporter, a Certified Livenote Reporter, a Notary Public of the States of New Jersey and New York, on Wednesday, March 6, 2019, at 9:33 a.m.

W. Hernandez - 3/6/19

APPEARANCES OF COUNSEL:

BRESSLER, AMERY & ROSS
Attorneys for Plaintiff
17 State Street
New York, New York
BY: ERIC CHASE, ESQ.
GERD STABBERT, ESQ.

HOGAN LOVELLS US LLP
Attorneys for Hyundai Motors of America
875 Third Avenue
New York, New York, 10022
BY: CARL J. CHIAPPA, ESQ.
ELLEN KENNEDY, ESQ. (A.M. only)

ALSO PRESENT:
WILLIAM NERO

W. Hernandez - 3/6/19

everything else you want on the record first?

THE WITNESS: He's probably going there.

MR. CHIAPPA: The reason I ask is because I have a statement to make before we start and I don't want to interrupt you.

MR. CHASE: Sure.

BY MR. CHASE:

Q. Could you state your full name and business address for the record, please.

A. O.K., and I'll spell it for you, it's Wilfredo, that's W I L F R E D O, Hernandez, common spelling, H-E-R-N-A-N-D-E-Z, Jr.

My business address is Hyundai Motor America, 10550 Talbert Avenue, Fountain Valley, California, 92708.

MR. CHIAPPA: Before we begin, just a few preliminary matters.

Mr. Chase, obviously, Mr. Hernandez is here as a fact witness. He's also, as you have already observed, an attorney.

W. Hernandez - 3/6/19

He's the attorney, both, for Hyundai Motor America and Genesis Motor America.

We are going to place on the record a standing objection to any question which calls for an answer that would invade the attorney-client privilege or which requires Mr. Hernandez to reveal any privileged communications. So as far as Mr. Hernandez' testimony today is concerned, he will be limited to information that is public or to information that is not confidential.

And in order to keep my objections to a minimum, I will not re-pose that objection in answer to each of your questions, because I think it just interrupts the flow of a deposition, provided that we agree that the standing objection is effective.

I will state an attorney-client privilege objection and direct the witness not to answer the question if I believe that the question explicitly, intentionally or otherwise, calls for

W. Hernandez - 3/6/19

attorney-client privileged communications.

So before we go any further, let's make sure that it's O.K. with you, that the standing objection remain in place to any question that would require the revealing of attorney-client communications unless you want me to state that each time, which I will, but I think it's cumbersome.

MR. CHASE: No, I appreciate the comment. And as you know, I'm not -- I never ask a witness to reveal anything that's privileged.

MR. CHIAPPA: Yes, it's just the nature of the event is that Mr. Hernandez is the attorney for HMA and for GMA. And so obviously, he has lots of information that is confidential information or attorney-client privileged information.

As you know, the normal rule is that consultation between counsel and witness do not take place while a question is outstanding. Of course, I observe that, as I know. However, because of the

W. Hernandez - 3/6/19

attorney-client privilege issue, if Mr. Hernandez wishes to consult with me while a question is outstanding in order to confirm whether he can answer a question, without invading the privilege, we will reserve the right today and in this instance, because of Mr. Hernandez' position, that we consult while a question is outstanding; the purpose of the consultation will be to determine whether he can answer and whether he can answer at least in part without invading the privilege.

Needless to say, the privilege is the client's privilege, not Mr. Hernandez' privilege. So to the extent that Mr. Hernandez may inadvertently reveal a communication with his clients, or with either of his clients, we will of course treat that as an inadvertent waiver; the waiver can only be done knowingly by the client, not by Mr. Hernandez, we will observe that.

The last two things is Mr. Hernandez

W. Hernandez - 3/6/19

is also here because he was designated for certain of the questions posed in the 30(b)(6) deposition notice. Obviously the same attorney-client privilege issues apply to that.

Now, I don't know how you wish to proceed. Mostly when a witness is here in his individual capacity as well as in a corporate capacity, the attorneys do them simultaneously and that's fine with us; I really don't care. You can segregate it or you can do it together. However, unless there is a part of the record that you designate as a 30(b)(6), or you designate a question as a 30(b)(6) question, we are going to treat all of the questions as posed to Mr. Hernandez individually.

Finally, we are of course proceeding while GMA is not a party to this proceeding. We of course are aware that you have made a motion to try to get GMA back in to the case; obviously. There's a significant amount of time while discovery

W. Hernandez - 3/6/19

is open in this case so we are reserving all rights in the event, which we consider to be unlikely, that GMA is brought back in to the case. We reserve all rights with respect to whether we have to produce witnesses a second time, because obviously, the plaintiffs could've waited and had much more than enough time to wait to find out what the Court's position is going to be with respect to the GMA reconsideration motion.

So that's all I have to start with. And, we will do our best to let this proceeding move smoothly given the complications that I've addressed.

MR. CHASE: Yes, most of what you said I accept as a matter of course, of course you can take a break. If you proceed, if you have to explore with the witness, whether something is privileged, that's part of the rule.

You did say something though that's caused me to ask for clarification. A couple of times you said privileged or

W. Hernandez - 3/6/19

C E R T I F I C A T E

I, MARIANNE D'AMICO, a Certified Court Reporter, License No. XI01998, and Notary Public, License No. 2013600, within and for the States of New Jersey and New York, do hereby certify:

That WILFREDO HERNANDEZ, the witness whose deposition is hereinbefore set forth, was duly sworn by me and that such deposition is a true record of the testimony given by the witness.

I further certify that I am not related to any of the parties to this action by blood or marriage, and that I am in no way interested in the outcome of this matter.

** The foregoing certification of this transcript does not apply to any reproduction of the same by any means unless under the direct control and/or supervision of the certifying reporter. **

MARIANNE D'AMICO, CCR, CRR
CCR NO. XI10998