UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ACTION NISSAN, INC. and WILLIAM
NERO,

        Plaintiffs,

v.                                             Case No: 6:18-cv-380-WWB-EJK

HYUNDAI MOTOR AMERICA and
GENESIS MOTOR AMERICA,

        Defendants.
                             /

## ORDER

THIS CAUSE is before the Court on Defendants' Motions in Limine (Doc. Nos. 212, 213, 214, 215, 216) and Plaintiffs' Consolidated Opposition (Doc. 221) and Plaintiffs' Corrected Omnibus Motion in Limine (Doc. 219) and Defendants' Memorandum in Opposition (Doc. 222). Also before the Court is Plaintiffs' Opposed Corrected Motion for Leave to File Reply, or in the alternative, Strike (Doc. 231) and Defendants' Response (Doc. 232).

**I.    BACKGROUND**

The facts of this case are fully set forth in this Court's November 5, 2020 Order (Doc. 197) on the parties' opposing motions for summary judgment. (*Id.* at 1–4).

**II.    LEGAL STANDARD**

"A court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds." *Stewart v. Hooters of Am., Inc.*, No. 8:04-cv-40-T-17-MAP, 2007 WL 1752843, at *1 (M.D. Fla. June 18, 2007). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of

foundation, relevancy, and potential prejudice may be resolved in proper context." *United States v. Gonzalez*, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. 2010) (quotation omitted). "The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground." *Id.*

## III. DISCUSSION

As an initial matter, having considered Plaintiffs' request for leave to file a reply, the Court is satisfied that additional briefing is not necessary to resolve Plaintiffs' Motion in Limine. To the extent that Plaintiffs, in the alternative, request that some or all of Defendants' Memorandum in Opposition be stricken, they have completely failed to brief the issue before this Court and it is, therefore, deemed abandoned. *Kight v. IPD Printing & Distrib., Inc.*, 522 F. App'x 849 (11th Cir. 2013) ("A legal claim or argument not briefed before the Court is deemed abandoned, and its merits will not be addressed."). Thus, the Court will deny Plaintiffs' request and proceed to the merits of each parties' motions in limine.

### A. Defendants' Motions in Limine

Defendants have filed five Motions in Limine requesting the exclusion of various testimony, evidence, and arguments in this case. Plaintiffs oppose each request.

#### 1. Motion No. 1

In Defendants' first Motion, they ask this Court to exclude the testimony of Plaintiffs' expert, Patrick Anderson, regarding the definition of open points as not timely disclosed in accordance with Federal Rule of Civil Procedure 26. Even if this Court were to assume that the purported opinion is an expert opinion and was not timey disclosed,

Defendants have not established that any belated disclosure is not substantially justified or harmless.

Pursuant to Rule 37, a party may not offer the untimely disclosed opinion of an expert witness "unless the failure [to comply with Rule 26(a)] was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). In determining if the disclosure is harmless, the court considers the following factors: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." *Woienski v. United Airlines, Inc.*, 383 F. Supp. 3d 1342, 1345 (M.D. Fla. 2019) (citation omitted). "Where the opponent of the proffered expert fails to either attempt to resolve the defective expert report in good faith or fails to move for an order requiring a more detailed response under Rule 26, that party cannot be heard to complain of prejudice." *Id.* (citations omitted).

First, any claim of surprise by Defendants is disingenuous at best. As Defendants concede in their Motion, the opinions they seek to exclude were offered in response to questions first posed by Defendants' counsel at Anderson's deposition. (Doc. 212 at 2). Simply put, Defendants cannot ask Anderson a pointed question regarding his opinion on a topic outside his reports and then claim they are surprised that he answered their question. Moreover, any surprise could have easily been cured by Defendants. To be clear, discovery remained open for several months following Anderson's deposition, but Defendants have not argued that they attempted to conduct a second deposition. Nor have they directed this Court to any effort they made to notify Plaintiffs of the alleged

3

deficiency, to resolve the issue, or to seek assistance from this Court in obtaining a more detailed report from Anderson. Thus, any prejudice or surprise to Defendants was of their own making and they cannot now be heard to cry foul once the time for Plaintiffs to cure has long passed. Defendants' first Motion will be denied.

   2.   *Motion No. 2*

Defendants' second Motion seeks to preclude Plaintiffs' from referencing certain documents and exhibits as an initial market study at trial because it would be unfairly prejudicial and confuse the jury. However, Defendants' argument consists of two paragraphs, fails to state how Plaintiffs' use of a specific term to refer to the documents and evidence would be unfairly prejudicial or in what way it would confuse the jury, and—aside from the boilerplate standard applicable to all motions under Federal Rule of Evidence 403—fails to cite any legal authority in support of prohibition. As the party seeking exclusion, Defendants bear the burden of proving that the evidence is subject to exclusion and Defendants' conclusory argument falls far short of meeting that burden. *See Gonzalez*, 718 F. Supp. 2d at 1345. Therefore, Defendants' second Motion will also be denied.

   3.   *Motion No. 3*

In their third Motion, Defendants ask this Court to exclude all references to Plaintiff's claims for punitive damages. Although Plaintiffs do not dispute that punitive damages are not available on their remaining claims, Plaintiffs argue that the Motion is a belated attempt to raise an affirmative defense or falls outside the proper scope of a motion in limine. With respect to Plaintiffs' first argument, Plaintiffs appear to misapprehend the difference between a defense and an affirmative defense. *See*

*Progressive Express Ins. Co. v. Star Painting & Waterproofing, Inc.*, 333 F.R.D. 600, 602 (S.D. Fla. 2019); *NR Grp. 3 Contractors, Inc. v. Grp. 3 Contractors, LLC*, No. 17-21945-Civ, 2017 WL 7792718, at *2 (S.D. Fla. Sept. 26, 2017). Turning to Plaintiffs' second argument, while the Court agrees that a motion in limine is generally not the proper means to limit the scope of triable issues, the Court will nonetheless grant Defendants' request because it is undisputed that the remaining claims in this case do not support a punitive damages award and any attempts by Plaintiffs to seek such an award would be improper. *See Yaeger v. Lively*, No. 8:19-cv-1161-T-35JSS, 2019 WL 11504743, at *2 (M.D. Fla. Oct. 25, 2019) ("Florida law makes clear that 'punitive damages are not recoverable for breach of contract, irrespective of the motive of defendant' absent allegations that constitute a separate and independent tort." (quoting *Lewis v. Guthartz*, 428 So. 2d 222, 223 (Fla. 1982))); *Waters Place 26, LLC v. Compass Bank*, No. 8:09-cv-2418-T-24-EAJ, 2010 WL 1730768, at *4 (M.D. Fla. Apr. 28, 2010) (holding that punitive damages are not recoverable for a breach of the implied covenant of good faith and fair dealing under Florida law); *Jackson v. Astrue*, No. 3:08-cv-461-J-34TEM, 2009 WL 4730550, at *1 (M.D. Fla. Dec. 4, 2009) (holding that claims for punitive damages fall outside the scope of declaratory judgment); *Serra Chevrolet, Inc. v. Gen. Motors Corp.*, No. 2:01 cv-2682-VEH, 2006 WL 8437670, at *2 (N.D. Ala. Sept. 25, 2006) ("The ADDCA does not permit the recovery of punitive damages."). Therefore, Defendants' third Motion will be granted, and Plaintiffs will not be permitted to present evidence, argument, or testimony regarding their punitive damages claims at trial.

*4. Motion No. 4*

Defendants' fourth Motion seeks the exclusion of evidence regarding Defendants' document retention policy because it is not relevant, any value is outweighed by the danger of unfair prejudice to Defendants, and Plaintiffs' failed to request an adverse inference. Plaintiffs argue that the introduction of the evidence would not be unfairly prejudicial and that it could be relevant as impeachment or rebuttal evidence.

Having reviewed the allegations and parties' arguments in this case, the Court is not satisfied that the document retention policy is clearly inadmissible on all grounds. To the contrary, the case relied on by Defendants states that such policies "may become relevant for impeachment or rebuttal purposes, depending upon how the evidence at trial develops." *Schenone v. Zimmer, Inc.*, No. 3:12-CV-1046-J-39MCR, 2014 WL 12619911, at *3 (M.D. Fla. Aug. 27, 2014). And, as Plaintiffs aptly note, Defendants have frequently argued that Plaintiffs are lacking evidence in support of their case that might have been in Defendants' possession at some point in time. Thus, it is possible that the evidence could become relevant. With respect to unfair prejudice, Defendants have, once again, made nothing more than a conclusory argument that falls woefully short of meeting their burden. Finally, Plaintiffs' failure to seek an adverse inference, without more, does not require the exclusion of arguments or evidence on which such a request might have been made. *See Peeler v. KVH Indus., Inc.*, No. 8:12-cv-1584-T-33MAP, 2014 WL 117101, at *14 (M.D. Fla. Jan. 13, 2014). Defendants' fourth Motion will be denied.

*5. Motion No. 5*

Lastly, Defendants request the exclusion of three news articles related to the release and sale of Genesis branded vehicles as impermissible hearsay. Defendants'

broad-brush arguments fail to establish that the articles are inadmissible on all grounds. Indeed, it is not clear at this juncture for what purpose the articles may be offered—thus, it is not clear that they are hearsay—and Defendants have also completely failed to address any possible hearsay exceptions that might apply. *See United States v. Michtavi*, 155 F. App'x 433, 435 (11th Cir. 2005) (holding that although "[a] newspaper article is hearsay, and in almost all circumstances is inadmissible[,]" it is not hearsay when it is not offered to prove the truth of the matter asserted (quotation omitted)); *see also Planned Parenthood Se., Inc. v. Strange*, 33 F. Supp. 3d 1381, 1384–85 (M.D. Ala. 2014) (recognizing that hearsay exceptions can apply to newspaper articles). Thus, while it is unlikely that Plaintiffs will be able to admit the articles into evidence, the articles are not clearly inadmissible on all grounds. Defendants' fifth Motion will also be denied.

B. **Plaintiffs' Motion in Limine**

In their omnibus Motion, Plaintiffs seek the exclusion of eight categories of evidence, testimony, and argument at trial. Defendants do not oppose Plaintiffs' requests to exclude: (1) arguments that William Nero participated in efforts to frustrate the issuance of a distributors license; and (2) evidence of Plaintiffs' wealth, financial status, or net worth with the exception of relevant evidence regarding Action Nissan, Inc.'s business operations.[1] Accordingly, the Motion will be granted in these respects without discussion.

Turning to the remaining requests, Plaintiffs first seek the exclusion of a number of documents, portions of deposition testimony, and portions of Defendants' expert report

---

[1] In their response, Defendants argue, in a footnote, that this should be limited exclusively to evidence, testimony, and argument regarding Nero's wealth. However, as this Court has previously warned the parties, arguments raised summarily in a footnote will not be addressed. (Doc. 197 at 11). Accordingly, Defendants have waived their objection in this respect and Plaintiffs' request will be granted as unopposed.

7

that were used in support of Defendants' impossibility defense at the summary judgment stage because, Plaintiffs argue, they are not relevant to any other matter still at issue in this proceeding. Although, "[i]t is clear that no party should present evidence or argument that there were certain claims which have been dismissed by the court . . . , that is not to say that evidence which may have supported such claims could not also support the current claims." *Perry v. Schumacher Grp. of La.*, No. 2:13-cv-36-FtM-29DNF, 2020 WL 6938391, at *2 (M.D. Fla. Nov. 25, 2020); *see also King v. Cath. Charities of Nw. Fla.*, No. 3:16cv191, 2018 WL 3848819, at *2 (N.D. Fla. Aug. 12, 2018). Having considered both parties' arguments, the Court cannot say that the disputed evidence may not be relevant to issues that remain to be resolved in this case. Therefore, Plaintiffs' Motion will be denied in this respect. Nevertheless, the Court cautions Defendants that they will not be permitted to attempt to relitigate the issue of impossibility at trial or to use the evidence to imply such a defense to the jury in contravention of this Court's Order. (*See* Doc. 197 at 16–19). To the extent that Defendants fail to heed this warning, Plaintiffs can and should renew their objections at trial.

Next, Plaintiffs seek to exclude any evidence that their counsel or the law firm of Bass Sox Mercer were involved with the licensure process for Genesis vehicles in Florida on behalf of other clients on the basis that such information is irrelevant and unfairly prejudicial. Specifically, Plaintiffs seek to exclude Defense Exhibits 23, 28, and 30, which are communications from attorneys at Bass Sox Mercer to representatives from the Florida Department of Highway Safety and Motor Vehicles ("**DHSMV**"). (Doc. 219-1 at 2–3; Doc. 222-1 at 69–77). Although Defendants argue the relevance of the underlying communications, they fail to specify why the identity or affiliation of the sender is relevant

to any issue that remains in this case and this Court sees no such relevance. Furthermore, any relevance would be outweighed by the real possibility of confusing the issues, misleading the jury, and wasting time on a side trial with regard to the reasonableness of counsels' actions that are unrelated to their representation of Plaintiffs in this case. Accordingly, Plaintiffs' Motion will be granted in part. To the extent that Defendants wish to introduce the communications, any and all references to Plaintiffs' counsel or Bass Sox Mercer must be redacted. Additionally, Defendants may not argue or present testimony that specifically states or implies that attorneys or law firms currently representing Plaintiffs were engaged in the underlying licensure process on behalf of other clients. To be clear, the communications, contents of the communications, and underlying facts remain admissible, it is only the irrelevant connection to Plaintiffs' counsel that will be excluded at trial. Nevertheless, as Defendants point out, Plaintiffs have included similar communications between counsel and the DHSMV in their exhibits. (Doc. 222-2 at 110–11, 113–14). To the extent Plaintiffs introduce such evidence at trial, the Court will consider their objection withdrawn and will permit Defendants to present the excluded evidence, testimony, and argument.

Plaintiffs also seek the exclusion of all testimony, evidence, or argument related to Nero's lack of adequate property within the eight-county area on which he could have opened and operated a Genesis franchise if offered one pursuant to the parties' Agreement (Doc. 176-4). Specifically, Plaintiffs argue that because this Court determined that the Agreement did not require Defendants to set forth express geographic boundaries in order to trigger the right of first refusal, (*see* Doc. 197 at 7–8), evidence relating to Nero's ownership of property is not relevant to the issues in this case. Defendants argue

that the evidence is relevant to the issue of damages and whether Plaintiffs could have exercised the right of first refusal even if it is determined that Defendants wrongfully failed to offer it. This Court agrees. To the extent that Plaintiffs argue, in the alternative, that the evidence would be unfairly prejudicial, Plaintiffs' argument is perfunctory at best and fails to state a basis for exclusion at this juncture in the proceedings. Therefore, Plaintiffs' request will be denied.

In their sixth request, Plaintiffs argue that Defendants should be precluded from offering damages evidence or testimony that includes the value of additional dealerships at or after the time that Defendants offered Genesis franchises to all existing Hyundai dealers in Florida because such evidence is not relevant to a proper damages calculation if Defendants are found to have breached the parties' Agreement. Plaintiffs' argument incorrectly assumes that they would have been the first and only dealers in the area had the Agreement been performed. As Defendants note, the Agreement only provides a right of first refusal for two new dealerships. It does not, however, guarantee that Plaintiffs would be the first dealership to offer a new luxury line or that it would be the exclusive dealer within a given area. (Doc. 176-4 at 4, 10–16). Furthermore, exclusivity is not guaranteed by Florida law. *See* Fla. Stat. § 320.642(3)(b) (setting forth the challenge procedures for proposed dealerships, but not categorically excluding new dealerships from opening within a given radius of an existing dealership). Thus, Plaintiffs have not established that the evidence is inadmissible on all possible grounds and the Motion will be denied.

Next, Plaintiffs argue that Defendants should be precluded from offering evidence, testimony, or argument regarding Nero's ability to actually exercise a right of first refusal

if one had been offered in connection to his anticipatory breach claim. Defendants argue that the evidence is relevant to the issue of damages. As Plaintiffs have failed to argue that there is any theory of recovery under which they would be entitled to damages even if they could not have actually accepted an offer to open dealerships under the Agreement, they have not carried their burden in establishing that the evidence is excludable. The Motion will be denied.

Finally, Plaintiffs seek an order prohibiting Defendants from referring to Section 11 of the Agreement as a liquidated damages clause. In support thereof, Plaintiffs argue that the provision cannot be a liquidated damages clause as a matter of law, which is an argument that this Court has already rejected. (Doc. 197 at 19–20). Accordingly, Plaintiffs' final request amounts to little more than a thinly veiled request for reconsideration of this Court's November 5, 2020 Order or, alternatively, requests a substantive ruling on the correct contract interpretation, neither of which is a proper subject to consider in limine. *See Kennedy v. Elec. Ins. Co.*, No. CV418-148, 2020 WL 1493935, at *3–4 (S.D. Ga. Mar. 24, 2020); *Plaza S. Ass'n v. QBE Ins. Corp.*, No. 11-60048-Civ, 2012 WL 13005529, at *3 (S.D. Fla. Jan. 24, 2012). Plaintiffs' last request will also be denied.

## IV.   CONCLUSION

For the reasons set forth herein, it is **ORDERED** and **ADJUDGED** as follows:

1. Defendants' Motion in Limine No. 1 (Doc. 212) is **DENIED without prejudice**.
2. Defendants' Motion in Limine No. 2 (Doc. 213) is **DENIED without prejudice**.
3. Defendants' Motion in Limine No. 3 (Doc. 214) is **GRANTED**.

4. Defendants' Motion in Limine No. 4 (Doc. 215) is **DENIED without prejudice**.

5. Defendants' Motion in Limine No. 5 (Doc. 216) is **DENIED without prejudice**.

6. Plaintiffs' Corrected Omnibus Motion in Limine (Doc. 219) is **GRANTED in part** as set forth in this Order and **DENIED without prejudice** in all other respects.

7. Plaintiffs' Opposed Corrected Motion for Leave to File Reply, or in the alternative, Strike (Doc. 231) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on June 25, 2021.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record