## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**ACTION NISSAN, INC. and**
**WILLIAM NERO,**

          **Plaintiffs,**

**v.**                                  **Case No: 6:18-cv-380-WWB-EJK**

**HYUNDAI MOTOR AMERICA and**
**GENESIS MOTOR AMERICA,**

          **Defendants.**

### REPORT AND RECOMMENDATION

This cause comes before the Court on Plaintiffs' Motion to Amend the Judgment to Add Prejudgment Interest and Post-Judgment Interest (the "Motion"), filed November 12, 2021. (Doc. 317.) On December 3, 2021, Defendants filed a response in opposition (Doc. 322); thus, the matter is ripe for review. Upon consideration, I respectfully recommend that the Motion be granted.

### I.    BACKGROUND

On March 12, 2018, Plaintiffs Action Nissan, Inc., and William Nero initiated suit against Defendants Hyundai Motor America and Genesis Motor America, alleging that Defendants breached an agreement to offer Nero a right of first refusal and violated state and federal laws regarding automobile dealers and dealerships. (*See* Docs. 1, 84.) Following a six-day jury trial, the jury found in favor of Plaintiffs and awarded damages in the amount of $16,000,000. (Doc. 304.) On October 19, 2021, the

Court entered judgment in favor of Plaintiffs in that same amount, but did not address the issues of prejudgment or post-judgment interest. (Doc. 314.) Plaintiffs thereafter filed the instant Motion.

## II.    STANDARD

Under Federal Rule of Civil Procedure 59, a party may move to alter or amend the judgment within 28 days of entry of the judgment. Fed. R. Civ. P. 59(e). Generally, "'[t]he only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact.'" *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quoting *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999)). "The decision to alter or amend a judgment is committed to the sound discretion of the district court." *O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir. 1992).

## III.   DISCUSSION

Plaintiffs state the Court "entered a judgment in favor of Plaintiffs and against Defendant HMA in the amount of $16,000,000" but that the judgment was "silent on interest owed." (Doc. 317 ¶ 2.) Therefore, in the instant Motion, Plaintiffs request the Court amend the judgment to award prejudgment and post-judgment interest.

As an initial matter, Defendants do not dispute that Plaintiffs are entitled to prejudgment interest, nor do they dispute the amount of prejudgment interest due. (*See* Doc. 322 at 1.) Accordingly, the undersigned recommends that the Court amend the judgment to add prejudgment interest from January 1, 2019, the date of breach, to October 19, 2021, the date of judgment, in the amount of $2,721,282.70.

Plaintiffs also request post-judgment interest from the date of entry of the original judgment, October 19, 2021. (Doc. 317 ¶ 7.) Although Defendants filed a response in opposition, a closer review of the response reveals that Defendants do not actually oppose the relief Plaintiffs seek. Defendants first contend that, because post-judgment interest accrues automatically under 28 U.S.C. § 1961, there is no need for the Court to amend the judgment. (Doc. 322 at 1.) Defendants then argue that amending the judgment would cause "undue confusion" because Plaintiffs do not propose the language that "should be added to the judgment to 'award' post-judgment interest" and do not specify the applicable post-judgment interest rate. (*Id.* at 2.) While Defendants are correct that Plaintiffs do not specifically state the applicable rate, Plaintiffs do note that, according to the statute, the interest rate should be "calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding." 28 U.S.C. § 1961(a).

Title 28, United States Code, Section 1961(a), states that post-judgment interest "shall be allowed on any money judgment in a civil case recovered in a district court."[1] Therefore, the undersigned recommends the Court amend the judgment to reflect post-judgment interest pursuant to the statute and utilize the Treasury constant maturity 1-

---

[1] The undersigned finds, and the parties do not contest, that the applicable post-judgment interest rate is governed by federal law here. *See Ins. Co. of N. Am. v. Lexow*, 937 F.2d 569, 572 n.4 (11th Cir. 1991) ("[I]n awarding postjudgment interest in a diversity case, a district court will apply the federal interest statute, 28 U.S.C. § 1961, rather than the state interest statute.").

year rate of 0.11 percent per annum applicable for the week ending October 12, 2021, and preceding the date of judgment, October 19, 2021. Additionally, the undersigned recommends the Court find that post-judgment interest shall accrue on the total amount of the judgment, including prejudgment interest.[2] *See Gottlieb & Gottlieb, P.A. v. Crants*, No. 8:14-cv-895-T-33MAP, 2016 WL 7340310, at *6 (M.D. Fla. Jan. 22, 2016).

## IV.   RECOMMENDATION

Upon consideration of the foregoing, I respectfully recommend that the Motion to Amend the Judgment to Add Prejudgment Interest and Post-Judgment Interest be **GRANTED** as follows:

1. Plaintiffs be awarded prejudgment interest in the amount of $2,721,282.70.

2. Plaintiffs be awarded post-judgment interest at a rate of .11% from the date of judgment, October 19, 2021.

---

[2] The undersigned notes that Defendants do not object to Plaintiffs' argument that a proper calculation of post-judgment interest should include prejudgment interest. (*See* Doc. 322.)

**NOTICE TO PARTIES**

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Recommended in Orlando, Florida on February 4, 2022.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE