UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ACTION NISSAN, INC. d/b/a
UNIVERSAL HYUNDAI and WILLIAM NERO,

    Plaintiffs,

v.

HYUNDAI MOTOR AMERICA and GENESIS
MOTOR AMERICA,

    Defendants.

6:18-cv-380-Orl-78EJK

**PLAINTIFFS' OPPOSED RENEWED RULE 7.01 MOTION AND MEMORANDUM OF LAW REQUESTING DETERMINATION OF ENTITLEMENT TO COSTS, EXPENSES AND FEES**

    Plaintiffs, Action Nissan, Inc. d/b/a Universal Hyundai and William Nero ("Plaintiffs"), pursuant to Fed. R. Civ. P. 54 and Local Rule 7.01, hereby file its Renewed Rule 7.01 Motion and Memorandum of law Requesting Determination of Entitlement to Costs, Expenses, and Fees owed by Defendant Hyundai Motor America ("HMA"). In support, Plaintiffs state as follows:

    1.    Rule 54(d)(1) of the Federal Rules of Civil Procedure provides costs "should be allowed to the prevailing party."

    2.    Rule 54(d)(2) further provides that requests for attorneys' fees and expenses are to be made by motion unless substantive law requires those fees to be proven at trial.

3. Local Rule 7.01 creates a bifurcated procedure for requesting fees and expenses, where the party requesting such must first obtain an order determining entitlement before providing a supplemental motion on the amount.

4. Rule 7.01 further requires that the motion on entitlement (1) specify the judgment and the statute, rule, or other ground entitling the movant to the award, (2) state the amount sought or provides a fair estimate of the amount sought, and (3) includes a memorandum of law.

5. On October 19, 2021, this Court entered a judgment in favor of Plaintiffs and against Defendant HMA. (ECF No. 314.) The judgment was amended on March 21, 2022. (ECF No. 334.)

6. Plaintiffs are entitled to fees from HMA by way of the contract under which was sued, referred to as the "2009 Agreement" throughout the course of this matter. (*See* ECF No. 84-1 at 7.) Specifically, Section 15(d) of the 2009 Agreement, which provides:

> In the event either party brings suit to enforce the terms of this Agreement, the prevailing party in such proceeding shall be entitled to recover its reasonable attorney's fees from the other party.

7. Plaintiffs initially filed their Opposed Rule 7.01 Motion and Memorandum of Law Requesting Determination of Entitlement to Costs, Expenses and Fees (ECF No. 316) on November 2, 2021. On February 2, 2022, this Court denied the previously mentioned motion without prejudice, permitting Plaintiffs to file a renewed motion "within 30 days of the exhaustion of all appeals." (ECF No. 331.)

8. HMA appealed the judgment to the Eleventh Circuit Court of Appeals, which issued its opinion affirming the judgment on August 21, 2023. (ECF No. 342.) The Eleventh Circuit Court of Appeals issued its mandate on September 20, 2024 (ECF No. 343), marking the exhaustion of all appeals.

9. Plaintiffs also filed a motion with the Eleventh Circuit Court of Appeals requesting an Order transferring consideration of attorney's fees on appeal to this Court. *See* Appellees' Motion to Transfer, or Alternatively, for Attorneys' Fees and Incorporated Memorandum, *Action Nissan, Inc., D/B/A Universal Hyundai and William Nero v. Hyundai Motor America*, Case No. 22-13153, Dkt. No. 50. This Court entered an Order permitting Plaintiffs to file their renewed motion "until and through 30 days following a ruling from he Eleventh Circuit…" (ECF No. 349.) The Eleventh Circuit granted the motion to transfer on December 6, 2024. *Action Nissan, Inc., D/B/A Universal Hyundai and William Nero v. Hyundai Motor America*, Case No. 22-13153, Dkt. No. 52-1.

10. Plaintiffs believe a fair estimate of the fees and costs sought to be $2,200,000, inclusive of fees sought on appeal.

## Memorandum of Law

A federal court sitting in diversity jurisdiction applies the substantive law of the forum state and federal procedural law. *See Divine Motel Grp., LLC v. Rockhill Ins. Co.*, 722 F. App'x 887, 889 (11th Cir. 2018). Attorneys' fees are determined by state law and are substantive for diversity purposes. *See McMahan v. Toto*, 256 F.3d 1120, 1132 (11th Cir. 2001), amended on reh'g, 311 F.3d 1077 (11th Cir. 2002) (citing *In re King Resources Co.,* 651 F.2d 1349, 1353 (10th Cir.1981)). "Provisions in ordinary contracts awarding attorney's fees and costs to the prevailing party are generally enforced." *Lashkajani v. Lashkajani*, 911 So. 2d 1154, 1158 (Fla. 2005).

Section 15(d) of the 2009 Agreement provides that the prevailing party "shall be entitled to recover its reasonable attorney's fees from the other party." (ECF No. 84-1 at 7.) Plaintiffs obtained a judgment (ECF No. 314), which was amended to include interest

(ECF No. 334) and affirmed by the Eleventh Circuit Court of Appeals (ECF No. 342). Applying Florida law, the Eleventh Circuit Court of Appeals has construed the term "prevailing party" to be the party that has prevailed on "significant issues in the litigation." *Chow v. Chak Yam Chau*, 640 F. App'x 834, 838 (11th Cir. 2015) (citing *Moritz v. Hoyt Enters., Inc.*, 604 So. 2d 807, 810 (Fla. 1992)). *Moritz* explained that "the fairest test to determine who is the prevailing party is to allow the trial judge to determine from the record which party has in fact prevailed on the significant issues tried before the court." *Moritz v. Hoyt Enterprises, Inc.*, 604 So. 2d 807, 810 (Fla. 1992). Given that Plaintiffs won a substantial monetary judgment against HMA, which has been upheld on appeal, there can be no doubt that Plaintiffs are the prevailing party in this action. Plaintiffs are also entitled to prejudgment interest on any award of attorneys' fees from the date of "entitlement." *ADF Int'l, Inc. v. Baker Mellon Stuart Const., Inc.*, No. 6:98CV1310ORL31DAB, 2001 WL 34402607, at *2 (M.D. Fla. Apr. 6, 2001) (citing *Quality Engineered Installation v. Higley South, Inc.,* 670 So.2d 929 (Fla.1996); *Argonaut Insurance Company v. May Plumbing Co.,* 474 So.2d 212 (Fla.1985)). Plaintiffs reserve their right to seek such an award when they file their Rule 7.01(c) supplemental motion.

Further, for the purposes of Rule 54(d), Plaintiff has obtained a judgment against Defendant and is the prevailing party. *See Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995) (noting that a party need not prevail on all issues to justify a full award of costs.) The particular items that may be taxed as costs are set out in 28 U.S.C. § 1920.

Pursuant to Rule 54 of the Federal Rules of Civil Procedure and Local Rule 7.01, Plaintiffs request an Order on entitlement to fees and costs. Plaintiffs have specified the judgment on which fees, expenses, and costs are sought, have provided contractual

language and rules entitling them to an award, have provided case law stating that such contractual provisions and rules must be enforced, and have also provided a fair estimate of the amount sought.

WHEREFORE, Action Nissan, Inc. d/b/a Universal Hyundai and William Nero respectfully requests that this Court enter an order declaring Plaintiffs are entitled to attorneys' fees, expenses, and costs from HMA associated with the above styled matter, amending the judgment to include such entitlement, and reserving the right to further amend the judgment to include the amount of fees, expenses and costs once determined by the Court.

## LOCAL RULE 3.01(G) CERTIFICATE

Pursuant to Local Rule 3.01(g), counsel for Plaintiffs certify that they conferred with counsel for Defendants several times, including September 21 and 23, 2024, and January 4 and 6, 2025. These conferences occurred via email, telephone and videoconference. Defendant opposes the relief sought. Counsel for Plaintiffs further states that the parties are actively engaged in settlement discussions, and those discussion appear likely to result in the resolution of this dispute.

Dated: January 6, 2025

        Respectfully Submitted,

        */s/ Nicholas A. Bader*
        Nicholas A. Bader (FBN 55351)
        Jason T. Allen (FBN 25659)
        **BASS SOX MERCER**
        2822 Remington Green Circle
        Tallahassee, Florida 32308
        T: 850.878.6404
        F: 850.942.4869

nbader@bsm-law.com
jallen@bsm-law.com

*Attorneys for Plaintiff*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 6, 2025, the foregoing was filed with the Clerk of Court using CM/ECF, which will serve a Notice of Electronic filing on all counsel of record.

*/s/ Nicholas A. Bader*
Nicholas A. Bader